IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 8, 2005

## LA SOUTHAPHANH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**Nos. F-48867, F-49649      James K. Clayton, Judge**

---

**No. M2003-02730-CCA-MR3-PC - Filed March 29, 2005**

---

The petitioner, La Southaphanh, appeals from the Rutherford County Circuit Court's dismissal of his two petitions for post-conviction relief from his convictions for aggravated burglary, a Class C felony, aggravated assault, a Class C felony, and theft over one thousand dollars, a Class D felony. He contends that he received the ineffective assistance of counsel at his trial for aggravated burglary and theft over one thousand dollars because his attorney failed to move to suppress his confession, failed to move for a mistrial when his co-defendant stated that the petitioner was in a gang, failed to attack the credibility of one of the investigating officers, and failed to meet with him and prepare for trial adequately. He contends that he received the ineffective assistance of counsel at his trial for aggravated assault because his attorney failed to meet with him and prepare for trial adequately. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. C. MCLIN, JJ., joined.

Bruce A. Poag, Nashville, Tennessee, for the appellant, La Southaphanh.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arises from the petitioner's convictions at two separate trials. At the first trial, the jury found the petitioner guilty of aggravated assault for a drive-by shooting into a residence. On appeal, this court rejected the defendant's claims that the evidence was insufficient and that his sentence was excessive. State v. La Southaphanh, No. 01C01-9804-CC-00173, Rutherford County (Tenn. Crim. App. Feb. 9, 1999), app. denied (Tenn. July 12, 1999). At the second trial, the jury found the petitioner guilty of aggravated burglary and theft over one thousand dollars for stealing personal property from a residence. On appeal, this court rejected the defendant's claim that the

evidence was insufficient. State v. La Southaphanh, No. M1999-00302-CCA-R3-CD, Rutherford County (Tenn. Crim. App. Mar. 9, 2000), app. denied (Tenn. July 31, 2000).

The defendant attacked both of his convictions by filing petitions for post-conviction relief which the trial court consolidated for hearing. On appeal, as in the trial court, the petitioner contends that the trial court should have granted his petition for post-conviction relief from his aggravated burglary and theft over one thousand dollars convictions because he received the ineffective assistance of counsel when his trial attorney failed to file a motion to suppress his confession, failed to move for a mistrial after the petitioner's co-defendant testified that the petitioner was a gang member, failed to impeach properly the credibility of an investigating officer who was a witness at the trial, and failed to meet with the petitioner and prepare for trial adequately. The petitioner further contends the trial court should have granted his petition for post-conviction relief from his aggravated assault conviction because he received the ineffective assistance of counsel when his trial attorney failed to meet with him and prepare for trial adequately. The state argues that the petitioner has failed to prove any of his claims of ineffective assistance of counsel by clear and convincing evidence. We agree with the state.

At the post-conviction hearing, the petitioner testified that he was not given Miranda warnings before his confession in the aggravated burglary and theft over one thousand dollars case and that the only reason he confessed was because he was told he would not be allowed to go home without confessing. See Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966). He said that in the interview room, the officer conducting the interrogation slammed a book down on the table and said that if he did not confess, he would be locked up for a very long time but that if he did confess, he would be allowed to go home, return for a court date, and given a lesser sentence. He said his trial attorney never had a conversation with him about filing a motion to suppress the confession. He said this failure was unduly and unfairly prejudicial. He said his trial attorney never discussed with him the possibility of asking for a mistrial if his co-defendant, Mr. Xayaphaoumy, testified that the petitioner was a gang member. The petitioner said his trial attorney was ineffective for not attacking the credibility of one of the investigating officers in the case. The petitioner said that his trial attorney "could have asked more questions or, you know, bring up more stuff, you know, some useful thing."

The petitioner testified that, applicable to both his trials, his trial attorney never came and talked to him while he was in the county jail awaiting trial. He said his trial attorney never talked to him about either case until the day of the trials, never rehearsed his possible testimony with him for either trial, never discussed trial strategy with him for either trial, and never prepared for the trials with him. The petitioner said he was prejudiced by his attorney's failure to prepare for trial adequately.

The petitioner's trial attorney testified that he had been licensed to practice law in Tennessee since 1984. He said that he met with the petitioner on many different occasions before both trials. He said that on some occasions, other members of the public defender's office were present but that on other occasions, he met alone with the petitioner. He said he conducted several discovery

conferences with the petitioner and went over the evidence and discussed plea bargain offers in the different cases with the petitioner. He said he did not rehearse testimony with the petitioner because he does not believe in doing so.

The petitioner's trial attorney testified that he reviewed all of the information surrounding the petitioner's confession and discovered that the petitioner had signed a waiver of his Miranda rights. He said that because of the waiver, he had no justifiable basis for moving to suppress the confession. He said he did not file motions to suppress just for the sake of filing them.

The petitioner's trial attorney said he objected when the co-defendant stated during testimony that the petitioner was a gang member. He said that the objection was sustained and that the trial court instructed the jury to disregard the statement. He said he did not move for a mistrial because in his experience he usually was not granted a mistrial when he had an objection sustained.

After considering the evidence presented at the post-conviction hearing, the trial court concluded that the petitioner's trial attorney provided him the effective assistance of counsel. It also found that the petitioner's numerous grievances were not supported by the evidence presented at the hearing. Therefore, the trial court dismissed the petition for post-conviction relief.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

Regarding the petitioner's appeal of the trial court's dismissal of his petition for post-conviction relief from his convictions for aggravated burglary and theft over one thousand dollars, the petitioner's attorney testified at the post-conviction hearing that because the petitioner waived his Miranda rights in writing, a motion to suppress the confession would have been futile. He further testified that he met with the petitioner numerous times and that they prepared for his upcoming trials. Finally, he testified that he objected when the petitioner's co-defendant said he was a member of a gang and that the trial court gave a curative instruction to the jury. We conclude that the evidence does not preponderate against the trial court's findings and that the petitioner's attorney's performance was not deficient.

Regarding the petitioner's appeal of the trial court's dismissal of his petition for post-conviction relief from his conviction for aggravated assault, the petitioner's attorney testified at the post-conviction hearing that he met with the petitioner numerous times and that they prepared for his upcoming trials. We again conclude that the petitioner's attorney's performance was not deficient.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

 

_____
JOSEPH M. TIPTON, JUDGE